UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION
PIKEVILLE

| | |
|---|---|
| BENNY E. MCKENZIE, ) | |
| ) | |
| Petitioner, ) | No. 7:18-CV-17-DLB-REW |
| ) | |
| v. ) | RECOMMENDED |
| ) | DISPOSITION |
| POWELL COUNTY DETENTION ) | |
| CENTER, ) | |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 9, 2018,[1] Petitioner, Benny McKenzie, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. DE 1 (Petition). The Court conducted an initial review of the Petition and perceived the Petition to be in an incomplete form and to present an unexhausted claim. However, in order to give McKenzie a fair opportunity to respond, the Court ordered briefing on the exhaustion issue and directed Petitioner to submit an amended petition, replacing the current respondent with the state official custodian. DE 7 (Order). Petitioner did not respond. The Commonwealth contends that Petitioner's claim is unexhausted and requests dismissal. DE 11 (Response).

McKenzie's sole claim alleges ineffective assistance of counsel:

> My Lawyer had me take A plea bargin [sic] for escape. I was on Ankle monitor [sic] when I removed the ankle monitor and left. I should of [sic] just been guilty of bail Jumping.

DE 1, at 5. Petitioner evidently planned to seek vacatur of his guilty plea, but ultimately declined to request any particular relief. DE 1, at 15.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (*per curiam*). Here, McKenzie placed the motion in the prison mailing system on February 9, 2018. DE 1, at 15.

1

Having reviewed the filings under the applicable standards, the Court recommends that the District Court dismiss the Petition without prejudice and deny a Certificate of Appealability.

*Rule 4 Dismissal*

The Court conducts a preliminary review of § 2254 petitions:

> [T]he [assigned] judge must promptly examine [the petition]. If it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4.

Dismissal under Rule 4 is appropriate for "petitions that raise legally frivolous claims," as well as "petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). A court should "summarily dismiss [a] petition without even requiring a response from the government if the petition and exhibits plainly show that the petitioner is not entitled to relief[.]" *Id.* at 437 (citing and relying on *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993)). "Rule 4 . . . authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief." *Small*, 998 F.2d at 414. A "court can dismiss a petition that raises a legal theory that is indisputably without merit." *Id.* Indeed, this "Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face," including "when the petition is frivolous, or obviously lacking in merit." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

2

McKenzie, per the Petition, pleaded guilty to second degree escape, and the Johnson Circuit Court sentenced him to 1 year of imprisonment on June 2, 2017. The Petition denies any appeal or state collateral attack (and the Court sees none). McKenzie now alleges ineffective assistance of counsel. The unexhausted claim is, at least at this time, legally frivolous.

*Failure to Exhaust*

"A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies." *Lubenko v. Jefferson County Circuit Court*, 2007 WL 1031611, at *1 (W.D. Ky. March 27, 2007) (citing 28 U.S.C. § 2254(b) (requiring the applicant to "exhaust[ ] the remedies available in the court of the State"); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)). Exhaustion requires a petitioner to "fairly present" each claim to the state courts or, put differently, the state courts must have the opportunity to see "both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009) (citation omitted). The petitioner bears the burden of demonstrating exhaustion or futility of the state court procedure. *Id.* Federal habeas relief does not exist if effective state remedies are still available. *Wagner,* 581 F.3d at 415; 28 U.S.C. § 2254(b)(1).

Exhaustion is not jurisdictional; yet, "it is a threshold question that must be resolved before [a court can] reach the merits of any claim." *Id.* (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). Generally, "a federal court may not grant a writ even on a 'mixed' petition, 'one containing claims that the petitioner has pressed before the state courts and claims that he has not.'" *Id.* (quoting *Harris*, 553 F.3d at 1031). McKenzie claims no direct appeal or collateral attack on his conviction, and the Court's

3

independent research confirms.[2] Thus, as the Court previously noted, his ineffective assistance claim is evidently unexhausted.

Further, Kentucky law generally requires that ineffective assistance claims first be litigated to the trial court through an RCr 11.42 motion. *See Humphrey v. Commonwealth*, 962 S.W.2d 870, 872 (Ky. 1998) ("[C]laims of ineffective assistance of counsel are best suited to collateral attack proceedings, after the direct appeal is over, and in the trial court where a proper record can be made."). Kentucky Rule of Criminal Procedure 11.42 permits a movant to file "within three years after the judgment becomes final." RCr 11.42. Accordingly, based on the June 2, 2017, conviction date, there likely remains an avenue of state-court relief available to Petitioner, forestalling federal consideration.

The Petition contains no exhaustion proof, and Petitioner has not since supplied any exhaustion theory or evidence. McKenzie did not respond to the Court's February 20, 2018 Order to show cause for his failure to exhaust. In short, the federal habeas exhaustion requirement bars McKenzie's claims at this time. The Court recommends dismissal without prejudice of the unexhausted Petition.[3]

---

[2] The Court's review of the Kentucky Court of Appeals's docket contains no Petitioner activity—at least none since his stated conviction date.

[3] The Court notes that McKenzie also appears to present a facially meritless Petition. McKenzie's sole claim (Ineffective Assistance of Counsel) appears "legally frivolous." *Carson*, 178 F.3d at 436–37. Petitioner contends his trial counsel deficiently advised him to plead guilty to second degree escape, and that his plea properly should have been to bail jumping. McKenzie admits he was on electronic monitoring "when [he] removed the ankle monitor and left." The record further indicates that Petitioner "was convicted in Johnson Circuit Court of escape for removing his home incarceration ankle monitor." DE 12, at 1.

In *Lawton v. Commonwealth*, 354 S.W.3d 565 (Ky. 2011), the Kentucky Supreme Court upheld a second degree escape conviction based on—for all relevant purposes—conduct identical to McKenzie's admitted acts. The *Lawton* defendant removed his ankle monitor while on home incarceration and left his mother's home. 354 S.W.3d at 568. The

4

*Improper Form*

Finally, McKenzie's Petition is also technically improper. Rule 2 provides, in part:

> (a) **Current Custody; Naming the Respondent**. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state *officer who has custody*.

Rule 2(a), Rules Governing Section 2254 Proceedings (emphasis added). McKenzie's Petition identifies the institution where he is currently housed, Powell County Detention Center, but names no respondent. Petitioner, though given an opportunity, did not correct this deficiency. This too warrants dismissal without prejudice.

---

*Lawton* Court held that "Appellant escaped from his mother's home, which was a detention facility under his [Home Incarceration Program] agreement." *Id.* Kentucky's high court explained:
> Under the plain meaning of KRS 520.010(4), Appellant's mother's home constitutes a detention facility. "Detention facility" is defined in relevant part as "any building and its premises used for the confinement of a person ... [c]harged with or convicted of an offense." KRS 520.010(4). . . . Further, the definition of "home incarceration" makes it clear that the home is used as the place of confinement[.]
> . . . .
> Thus, in the home incarceration program, the home is the building "used for the confinement of a person," and so it meets the definition of detention facility in KRS 520.010(4).

*Lawton*, 354 S.W.3d at 568.

Accordingly, although McKenzie was likely not in "custody" under Kentucky law, the record suggests he was under home incarceration. Thus, when he (admittedly) removed his ankle monitor and departed "without permission" he likely "escaped." If so, Petitioner's trial counsel reasonably advised McKenzie to plead guilty to the crime he committed. [The Court also notes that first degree bail jumping—the crime McKenzie admits—and second degree escape—the crime of conviction—are both class D felonies in Kentucky and, thus, subject to a statutory one-year minimum sentence—the sentence, per the petition, McKenzie challenges. *See* KRS 520.030(2), 520.070(3), and 532.060(2)(d).]

Nonetheless, the Court does not, on this sparse record, and given the lack of exhaustion and the Commonwealth's response, recommend dismissal on the merits.

5

*Certificate of Appealability*

Additionally, to the extent the Court must evaluate whether to issue a Certificate of Appealability, such a Certificate may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El*, 123 S. Ct. at 1039-40 (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Petitioner has not made a "substantial showing" as to any claimed denial of rights; his claims conclusively fail. Per the above discussion, reasonable jurists would not find the Court's procedural determinations debatable. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.

*Conclusion*

For the reasons discussed above, McKenzie, to this point, has failed to exhaust available state court remedies. Further, he fails to properly identify the relevant custodian. Accordingly, the Court **RECOMMENDS** that the District Court

6

**SUMMARILY DISMISS** the Petition (DE 1) **WITHOUT PREJUDICE** and **DENY** a Certificate of Appealability. Per Rule 4, the Clerk **SHALL** notify Petitioner of this Recommendation.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

To the extent required, this Recommended Disposition gives Petitioner explicit prior notice of the recommendation of dismissal, made under Rule 4. *Cf. Shelton v. United States*, 800 F.3d 292, 294–96 (6th Cir. 2015) (discussing § 2255 Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Petitioner has arguments to make in

7

opposition to dismissal, he must properly object and present those arguments to the District Judge.

This the 12th day of April, 2018.

Signed By:

*Robert E. Wier* REW

United States Magistrate Judge